UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

DANA R. JOHNSON,
                Appellant,

       v.

DEPARTMENT OF JUSTICE,
                Agency.

DOCKET NUMBER
PH-0752-23-0093-X-1

DATE:  December 3, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mathew Tully, Latham, New York, for the appellant.

Kealin Culbreath, Atlanta, Georgia, for the agency.

Timothy Maughan, Grand Prairie, Texas, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The administrative judge issued a compliance initial decision finding the agency in partial noncompliance with the decision in the underlying appeal and granting the appellant's petition for enforcement.  *Johnson v. Department of Justice*, MSPB Docket No. PH-0752-23-0093-C-1, Compliance File, Tab 7,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Compliance Initial Decision (CID); *see Johnson v. Department of Justice*, MSPB Docket No. PH-0752-23-0093-I-1, Initial Appeal File, Tab 15, Initial Decision. For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

On July 14, 2023, the administrative judge issued a compliance initial decision finding the agency partly noncompliant with the Board's Final Order in the underlying appeal. CID. The administrative judge held that the agency had failed to pay the appellant the back pay, interest, and benefits to which she was entitled by virtue of the decision in the underlying appeal, and ordered the agency to submit evidence that it had done so, including a narrative explanation of the calculation of back pay with interest and other benefits, with supporting documents. CID at 4-5.

As neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114, the administrative judge's findings of noncompliance have become final, and the appellant's petition for enforcement has been referred to the Board for a final decision on compliance pursuant to 5 C.F.R. § 1201.183(c).[2] *Johnson v. Department of Justice*, MSPB Docket No. PH-0752-23-0093-X-1, Compliance Referral File (CRF), Tab 1.

On August 23, 2023, the Clerk of the Board issued an acknowledgment order ordering the agency to submit evidence of compliance within 15 calendar days. *Id.* On September 7, 2023, the agency informed the Board that it had taken the actions

---

[2] As noted in the compliance initial decision, the Board's regulations provide that, upon a finding of noncompliance, the party found to be in noncompliance must do the following: (i) to the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and/or (ii) to the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-1201.115. 5 C.F.R. § 1201.183(a)(6) (2023).

identified in the compliance initial decision. CRF, Tab 2. After a motion for an extension of time, the appellant filed a response contending that the agency had failed to provide a narrative statement or any supporting documents of probative value explaining how the payment was calculated and moved for sanctions. CRF, Tab 5.

On December 13, 2024, the Board issued an order directing the parties to provide their updated positions on whether compliance had been reached, and whether they wished to enter mediation with the Board's Mediation Appeals Program, as well as any other relevant information. CRF, Tab 6. The appellant submitted a response on January 3, 2025, requesting a remand to the administrative judge for further factual development and stating, in part, that she did not wish to enter mediation and that the agency had made payments to her but had not submitted a detailed narrative of the calculation of the back pay, including interest and overtime pay. CRF, Tab 7. The agency did not respond.

On February 19, 2025, the Board issued an Order to Show Cause directing the agency to address the reasons why it had failed to respond to the Board's December 13, 2024 Order. CRF, Tab 8. The agency filed a response on February 26, 2025, providing a declaration from two attorneys with the Department of Justice averring that the agency's failure to respond was the result of a miscommunication during a personnel transition, which caused the agency supervisor to believe that this matter was closed. CRF, Tab 9 at 11-12, 34-35, 37. The agency also provided a declaration from the Human Resources Manager for the agency at the Federal Detention Center in Philadelphia. *Id.* at 16-20. The Human Resources Manager stated that he had provided a spreadsheet regarding the appellant's types of pay and hours for the back pay period to the National Finance Center (NFC), which had determined that the appellant was due a net amount of $283,937.89 in back pay and interest, without overtime pay. *Id.* at 17. The Human Resources Manager further explained how he had calculated that the appellant was due 183.84 hours of overtime over the back pay period. *Id.* at 18-20. The Human

Resources Manager also stated that the NFC would calculate the amount the appellant was due for overtime.

On March 5, 2025, the appellant submitted a response to the agency's submission, challenging the agency's calculations of appellant's overtime pay during the backpay period. CRF, Tab 10 at 6-10. On May 29, 2025, the appellant submitted a supplemental statement stating that she had not received the overtime pay portion of her backpay. CRF, Tab 11.

On May 30, 2025, the Clerk of the Board issued an order directing the agency to:

> (1) clearly set forth the gross amount due the appellant and describe how that amount was calculated, including any within-grade increases, step increases, and overtime pay; (2) clearly set forth the amount of interest due the appellant and how that amount was calculated; (3) clearly set forth the amount and reason for all deductions, reductions, and offsets from the gross amount due the appellant; and (4) clearly set forth the source and amount of all checks or electronic payments already received by the appellant and provide evidence that such checks or electronic payments were received. The agency must also clearly set forth its calculations relating to the appellant's sick and annual leave balances, Thrift Savings Plan contributions, and any other benefits of employment the appellant should have received but for the unwarranted personnel action.

CRF, Tab 12 at 3.

On June 20, 2025, the agency responded to the May 30, 2025 Order. CRF, Tab 13. The agency calculated that the gross amount of back pay was $349,815.08 and that the amount was calculated at the Grade 9, Step 10 level, as appellant "was already in the full performance grade level of her position and since she was already at the highest step in her current position." CRF, Tab 13 at 1-2. The agency provided tables with the back pay payment and overtime payment calculated separately, as well as a breakdown of the appellant's payments by pay period, and a Back Pay Computation Summary Report detailing the calculation of interest on the back pay. *Id.* at 16, 21-32. The agency also submitted evidence of deductions from the back pay which included withholdings for health care

premiums and the Thrift Savings Plan, and an accounting of the appellant's leave. *Id.* at 38-52.  Finally, the agency provided evidence that the back pay payment had been disbursed to the appellant.  *Id.* at 34-36.

The appellant did not respond to the agency's June 20, 2025 submission despite the Board's order warning her that failure to do so might cause the Board to assume she was satisfied and no longer disputed compliance.

## ANALYSIS

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred.  *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006).  The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3]  *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d).  An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5.  The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance.  *Id.*

Here, as explained above, the agency has submitted evidence that it has complied with the final order in the underlying appeal and paid the appellant the full amount of back pay, interest on the back pay, and adjusted her benefits accordingly.  CRF, Tab 13.  The agency provided a detailed explanation of these actions.  *Id.*  The appellant did not respond to the agency's submissions, despite having been apprised that the Board might construe lack of response as satisfaction with the agency's response.  CRF, Tab 12 at 3-4.

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

Accordingly, in light of the foregoing, we find that agency is in compliance with its outstanding compliance obligations, deny the appellant's request for remand, and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

Finally, regarding the appellant's request for sanctions, we deny the request. The Board's sanction authority is limited to the sanctions necessary to obtain compliance with a Board order. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 8 (2010) (stating that the Board's ability to award sanctions is a means to enforce compliance, and once compliance has been demonstrated, it would be inappropriate to impose sanctions). Because the agency has complied with the Board's orders, we are without authority to impose sanctions in this matter.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals

of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.